HS EQUITIES, INC., Plaintiff,

v.

**Anne B. FLEET, Defendant.**

**No. 76 Civ. 2663 (MP).**

United States District Court,
S. D. New York.

Oct. 12, 1976.

---

Robert J. Poulson, Jr., New York City, for plaintiff.

Reid & Priest, New York City, for defendant, by Ronald I. Paltrowitz, New York City, of counsel.

## OPINION

POLLACK, District Judge.

Defendant moves, pursuant to the Federal Rules of Civil Procedure, to dismiss the complaint for lack of subject matter jurisdiction, improper venue, and because the claims are time barred. Alternatively, defendant requests that the Court transfer this action to California, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses.

It sufficiently appears that this Court lacks subject matter jurisdiction. It is thus unnecessary to pass upon the other contentions raised by the defendant.

### I.

In 1968, defendant Anne B. Fleet, a resident of California, owned 1200 shares of American Home Products (hereinafter "AHP") common stock which were lodged with her bank. The shares were held in the form of twelve certificates of one hundred shares each. The certificates for 600 of the shares were registered in her name and the other 600 were in the name of the PNB Company.

Mrs. Fleet instructed her bank to have all the shares registered in her own name. The bank delivered all 1200 shares to plaintiff, a stock brokerage firm with an office in California, with instructions to effect the requested transfer to her name. Upon receipt of the shares the brokers returned the 600 shares already registered in plaintiff's name and placed the remainder in transfer. Apparently, through error on its part, the brokers sent to the transfer agent 600 shares of preferred stock instead of the 600 common issued by AHP. The transfer agent returned to the plaintiff 600 shares of AHP preferred stock registered in the name of Mrs. Anne B. Fleet.

The plaintiff sent these preferred shares to Mrs. Fleet on or about December 9, 1968, and she sold them on May 8, 1970.

### II.

Plaintiff commenced this action in June of 1976, eight years later, seeking recovery under Section 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Rules promulgated thereunder, 17 C.F.R. § 240.10b–5, as well as on the basis of the common law claims of conversion and money had and received. The complaint is posited on the allegation that defendant fraudulently and wilfully sold the preferred stock and retained the proceeds thereof.

Jurisdiction is asserted under Section 27 of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78aa, for the 10b–5 claim, and under the doctrine of pendent jurisdiction for the common law causes of action.

### III.

Defendant contends that the complaint in this case is fatally defective in failing to allege that plaintiff was either a purchaser or seller of the shares in question.

Plaintiff, however, takes a unique view of the facts of the case. Plaintiff does not contend that Mrs. Fleet was aware of the misdelivery of the AHP shares at the time she received the preferred stock in 1968. Instead, plaintiff argues that when defendant sold the preferred shares on May 8, 1970, she was then aware of the plaintiff's error; that this sale was a fraudulent practice prohibited by Section 10(b) of the Securities Exchange Act of 1934; and that plaintiff was the "seller" at this May 8, 1970 sales transaction.

Plaintiff was neither a purchaser nor a seller of the stock in question. A claim under Section 10(b) of the Securities

Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Rules promulgated thereunder, 17 C.F.R. § 240.-10b–5, does not lie on the facts of this case. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1056, 96 L.Ed. 1356 (1952).

Accordingly, the federal cause of action must be dismissed.[1]

### IV.

■ Since the federal claim has been dismissed before trial, the pendent state claims are also dismissed. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The motion to dismiss the complaint is therefore granted, and it is unnecessary to pass upon defendant's contentions based on improper venue and statutes of limitation.

SO ORDERED.

---

1. Defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction because plaintiff was neither a purchaser nor a seller as is required for the federal claim herein. It is unclear whether defendant is arguing that the *federal claim* should be dismissed for lack of jurisdiction, or rather that with the federal claim dismissed, the *entire* *complaint* must be dismissed on those grounds. It is unnecessary for this Court to decide whether the 10b–5 claim is so insubstantial as to be dismissible for lack of subject matter jurisdiction, or instead should be dismissed under Fed.R.Civ.P. 12(b)(6), since this Court will dismiss the pendent claims in any event.